Rosemary Alito (RA6520)
**KIRKPATRICK & LOCKHART
  PRESTON GATES ELLIS LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
(973) 848-4000
(973) 848-4001 (fax)
Attorneys for Plaintiffs,
  CareOne, LLC and Straus Capital Group, LLC
  f/k/a Straus Capital Group Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
CAREONE, LLC and STRAUS CAPITAL  :
GROUP, LLC f/k/a STRAUS CAPITAL  :    CIVIL ACTION NO.
GROUP INC.,                      :
                                 :
              Plaintiffs,        :
                                 :    **COMPLAINT AND JURY**
       v.                        :    **DEMAND**
                                 :
KIM VELEZ,                       :
                                 :
              Defendant.         :
_____:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367. Plaintiffs assert claims against defendant under the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*, and New Jersey's Computer Related Offenses Act, 2A:38A-1, *et seq.*

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events which gave rise to the complaint occurred in this district.

## THE PARTIES

3. Plaintiff CareOne, LLC ("CareOne") is a limited liability company that owns, operates and develops long-term care facilities (*i.e.* nursing homes and assisted living facilities). Straus Capital Group ("SCG") is a limited liability company that holds and manages a wide variety of Straus family investments. Both CareOne and SCG maintain their principle place of business at 173 Bridge Plaza North, Fort Lee, New Jersey 07024.

4. Defendant Kim Velez is a citizen of the State of New Jersey, residing in Clifton, New Jersey.

5. For a period of about ten years prior to her resignation on March 3, 2006, Ms. Velez was employed by plaintiffs, CareOne and SCG, and various other entities controlled by Daniel Straus.

## FACTS

6. Plaintiffs maintain a password-protected computer system for the conduct of their business. Plaintiffs' computer system is utilized in interstate and foreign commerce, including but not limited to communications with businesses in which they have investments, in Puerto Rico, Pennsylvania, Massachusetts, Connecticut, Virginia, North Carolina, Maryland, Ohio, Alabama and Michigan.

7. Much of the data contained on plaintiffs' computer system is confidential and cannot be obtained from other sources.

8. At the time of her resignation, defendant was working in a highly sensitive position at SCG, which is sometimes referred to as the "Straus Family Office." She was responsible for maintaining records of Straus family investments and accounts amounting to many millions of dollars. She had complete access to all personal financial information in the

-2-

Family Office, and authority to transfer funds and give instructions to brokers and financial advisors.

9. As an employee of plaintiffs, defendant was provided access to the plaintiffs' password-protected computer system.

10. The access provided to defendant was exclusively for the purpose of carrying out her job duties.

11. Defendant was not authorized to utilize plaintiffs' computer system for any purpose other than the performance of her job duties.

12. During the course of her employment, defendant was provided the passwords of one or more executives of plaintiffs. Defendant was given those password(s) exclusively for the purpose of performing her job duties as an employee of plaintiffs.

13. Defendant was not authorized to utilize those password(s) for any purpose other than performing her job duties.

14. On or about February 28, 2006, defendant accessed plaintiffs' computer system and secretly transferred from her office e-mail account to her personal America Online ("AOL") account a spreadsheet with summaries of approximately 25,000 emails. The summaries contain plaintiffs' confidential business information as well as a wide variety of business and personal information about Straus and his family members, including information concerning family assets, account numbers, balances and the like. These actions by defendant were without authorization.

15. On March 3, 2006, defendant resigned from and ceased employment with plaintiffs.

16. Defendant's authorization to access or otherwise utilize the plaintiffs' computer system terminated upon her resignation.

17. Defendant's authorization to utilize the password(s) of executives of plaintiffs terminated upon her resignation.

18. On at least one occasion after her resignation on March 3, 2006, and after her authorization to utilize the computer system had terminated, defendant again accessed plaintiffs' computer system, viewed and copied data.

19. The aforesaid actions by defendant were for her own personal gain.

## COUNT I

## VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

20. Plaintiffs incorporate by reference each of the allegations in the preceding paragraphs as if fully set forth herein.

21. Defendant violated the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 (a)(2)(C), by intentionally accessing a computer used for interstate commerce or communication, without authorization or by exceeding authorized access to such a computer, and by obtaining information from such a protected computer.

22. Defendant violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (a)(5)(A)(ii) and (iii), by intentionally accessing a protected computer without authorization, causing damage to plaintiffs, recklessly or without due regard to her actions.

23. The computer system that defendant accessed operates in interstate and foreign communication and commerce.

24. The computer system that defendant accessed constitutes a "protected computer" within the meaning of 18 U.S.C. § 1030 (e)(2).

25. Plaintiffs have suffered damage and loss by reason of these actions, including but not limited to breach of the integrity of their data, programs and computer system, attorneys' fees, costs and resources spent investigating and remedying defendant's unauthorized access and such other losses to be proved at trial, in excess of $5,000 during a one year period.

## COUNT II

### VIOLATION OF N.J.S.A. 2A: 38A-1, *et. seq.,* COMPUTER RELATED OFFENSES ACT

26. Plaintiffs incorporate by reference each of the allegations in the preceding paragraphs as if fully set forth herein.

27. Defendant purposefully and/or knowingly took data from plaintiffs' computer system, in violation of N.J.S.A. 38A-3 (A)(a).

28. Defendant purposefully and/or knowingly and without authorization accessed plaintiffs' computer system in violation of N.J.S.A. 2A: 38A-3 (A)(b).

29. Defendant purposefully and/or knowingly accessed and recklessly obtained data from plaintiffs' computer system, in violation of N.J.S.A. 2A:38A-3 (A)(e).

30. Plaintiffs suffered damages as a result of plaintiff's actions, including but not limited to the costs of investigation and remediation.

**WHEREFORE**, plaintiffs seek:

    1. Permanent injunctive relief, prohibiting defendant from using or disclosing any of the information, data and/or documents (in electronic or any other form) removed by her or copied by her, and directing her to return to plaintiff all such information, data and/or documents;

    2. Compensatory damages and losses to be proved at trial;

    3. Punitive damages;

-5-

-6-

        4.       Costs of suit, including attorneys' fees and the costs of investigation and litigation;

        5.       Any other relief deemed proper, together with costs and expenses.

**KIRKPATRICK & LOCKHART**
 **PRESTON GATES ELLIS LLP**
Attorneys for Plaintiffs CareOne, LLC and Straus Capital Group, LLC f/k/a Straus Capital Group Inc.

By: /s/ Rosemary Alito_____
     Rosemary Alito (RA6520)

Dated: June 21, 2007

## REQUEST FOR JURY TRIAL

Plaintiffs request a trial by jury on all issues properly submitted to a jury.

                               **KIRKPATRICK & LOCKHART**
                                **PRESTON GATES ELLIS LLP**
                               Attorneys for Plaintiffs CareOne, LLC and Straus
                               Capital Group, LLC f/k/a Straus Capital Group Inc.

                         By:  /s/ Rosemary Alito_____
                                 Rosemary Alito (RA6520)

Dated: June 21, 2007

-8-

## **CERTIFICATION UNDER L. Civ. R. 11.2**

I, Rosemary Alito, hereby certify that I am a member of the law firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP, attorneys for Plaintiffs CareOne, LLC and Straus Capital Group, LLC f/k/a Straus Capital Group Inc., and that the matter in controversy in this case is not the subject of any other court, arbitration, or administrative proceeding.

I certify that the foregoing statements by me are true.  I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

                                          By: /s/ Rosemary Alito_____
                                              Rosemary Alito (RA6520)

Dated:  June 21, 2007